IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


WILLIAM LENZ,                    )
                    Plaintiff    )
                                 )
    vs.                          )          Civil Action No. 05-248
                                 )          Judge Terrence F. McVerry/
JOHN N. ROBINSON, M.D.,          )          Magistrate Judge Amy Reynolds Hay
                    Defendant    )

REPORT AND RECOMMENDATION

I.      RECOMMENDATION

        It is respectfully submitted that the Defendant's Motion for Judgment of Non Pros

or, in the alternative, Motion to Dismiss (doc. 13) be denied.

II.     REPORT

        The plaintiff, William Lenz, brings what appears to be a civil rights suit against

the defendant, John N. Robinson, M.D., claiming that plaintiff's 4th, 8th and 14th Amendment

rights were violated when, during his incarceration at SCI Pittsburgh, plaintiff was sent to the

defendant, who performed surgery at Mercy Hospital on May 29, 2003, to correct blocked

arteries.  Plaintiff alleges that the surgery was not properly performed.  Further, he specifically

avers that he did not file a grievance at SCI Pittsburgh inasmuch as his complaint does not

involve "any D.O.C. Institution.  This is against an outside source."  Complaint, § V.A.  Plaintiff

seeks monetary relief for the alleged "malpractice" committed by the defendant.  Complaint,

§ VI.

        Presently before the court is the defendant's Motion for Judgment of Non-Pros or,

in the alternative, Motion to Dismiss, asserting that plaintiff failed to comply with Pennsylvania

Rule of Civil Procedure 1042.3.  Rule 1042.3 requires the plaintiff to sign and submit, within 60 days of the filing of a professional malpractice action, a certificate of merit, indicating that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm."  This rule "expresses the substantive obligation for plaintiffs to file a certificate of merit as a condition of continuing a professional negligence suit, and the substantive right of the defendant to not have to defend a meritless suit." Abdulhay v. Bethlehem Medical Arts, L.P., Civil Action 03-04347, 2005 U.S. Dist. LEXIS 21785, * 23-24 (E.D.Pa. Sept. 27, 2005); see also,  Velazquez v. UPMC Bedford Memorial Hospital, 338 F.Supp.2d 609, 613 (W.D.Pa. 2004); Keybank Nat'l. Ass'n., 2005 WL 3184781, *9 (W.D.Pa. Nov. 29, 2005).  For the reasons that follow, the defendant's motion should be denied.

The defendant seeks to dispose of the instant action, which he views as a medical malpractice suit, based on state court rules.  As noted, PaR.Civ.P. 1042.3 requires the filing of a certificate of merit in cases of professional malpractice.  Defendant argues that Plaintiff's claim is one of negligent medical treatment, that Rule 1042.3 is applicable in this case, that Plaintiff

has not complied with Rule 1042.3, and that under Pa.R.Civ.P. 1042.6[1] the Defendant is entitled

to judgment of non pros or, alternatively, dismissal of the action.

In our view, Rule 1042.6 is procedural since it is "merely the form and mode of

enforcing the substantive certificate of merit right." Abdulhay, 2005 U.S. Dist. LEXIS 21785, *

23.   As a result, Rule 1042.6 is a procedural rule and its enforcement remedies are not available

in federal court. Id.   Moreover, Rule 1042.6 conflicts with Fed.R.Civ.P. 41(b), which grants the

court *discretion* to dismiss a claim for failure to prosecute. Keybank Nat'l. Ass'n., supra at *10.

Because "application of the Pennsylvania rule would be in effect an abrogation of the federal

court's discretion," id.,  we will treat the instant motion as if it were solely a motion to dismiss.

Id., citing Velazquez, supra.

Pursuant to Fed. R. Civ. Proc. 12(b)(6), a motion to dismiss may be granted by the

court if it is satisfied "that no relief could be granted under any set of facts that could be proved

consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v.

Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only

whether he should be entitled to offer evidence to support his claim. Neitzke v. Williams, 490

U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in

the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint

---

1.  Rule 1042.6., entitled "Entry of Judgment of Non Pros for Failure to File Certification," provides in
pertinent part as follows:

> (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of non pros
> against the plaintiff for failure to file a certificate of merit within the required time
> provided that there is no pending timely filed motion seeking to extend the time to file
> the certificate.

must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).  It is the defendant's burden to

show that no claim has been stated.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409

(3d Cir. 1991), cert. denied, 501 U.S. 1222 (1991).

Defendant's motion overlooks the fact that Plaintiff's complaint appears to assert

a civil rights claim, presumably made pursuant to 42 U.S.C. § 1983, that his constitutional rights

were violated by the defendant.  Complaint, § III.  To state a claim under 42 U.S.C. § 1983, a

plaintiff must meet two threshold requirements.  He must allege: (1) that the alleged misconduct

was committed by a person acting under color of state law; and (2) that as a result, he was

deprived of rights, privileges, or immunities secured by the Constitution or laws of the United

States.  West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981),

*overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Viewing the complaint in the light most favorable to the plaintiff, as we must, we

cannot say at this stage of the proceedings that plaintiff cannot establish that the defendant acted

under color of state law.  Of course, if the defendant did not act under color of state law, then

plaintiff cannot maintain a Section 1983 claim against Dr. Robinson.  Nor can we say at this

stage of the proceedings that plaintiff cannot establish an 8th Amendment violation.  Of course,

if plaintiff's claim amounts to a simple claim of medical malpractice, then he cannot maintain a

Section 1983 action since the law holds that medical malpractice, that is, negligence, is

insufficient to establish cruel and unusual punishment for purposes of the 8th Amendment.

Estelle v. Gamble, 429 U.S. 97, 105 (1976)("[I]n the medical context, an inadvertent failure to

provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction

of pain' or to be 'repugnant to the conscience of mankind.'  Thus, a complaint that a physician

has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999)("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' ") <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 67 (3d Cir.1993) ("[T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation.").

Based on the foregoing, the district court should deny the Defendant's Motion for Judgment of Non Pros or, in the alternative, Motion to Dismiss (doc. 13).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge


Dated:   18 April, 2006

cc:     Hon. Terrence F. McVerry
        United States District Judge

        William Lenz
        BU-6993
        SCI Fayette
        Box 9999
        LaBelle, PA 15450-0999

Edward D. Klym, Esq.
EDWARD D. KLYM & ASSOCIATES
180 Fort Couch Road
Suite 265
Pittsburgh, PA 15241-1041