IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


WILLIAM LENZ,                            )
                                         )
                    Plaintiff            )
                                         )
        vs.                              )        Civil Action No. 05-248
                                         )        Judge Terrence F. McVerry/
JOHN N. ROBINSON, M.D.,                  )        Magistrate Judge Amy Reynolds Hay
                                         )
                    Defendant            )        Re. Dkt. [49]

REPORT AND RECOMMENDATION

I.      RECOMMENDATION

        It is respectfully submitted that the Defendant's Motion for Summary Judgment
be granted.

II.     REPORT

        The plaintiff, William Lenz, a state prisoner, is proceeding pro se and in forma pauperis.
He alleges that his rights under the Fourth, Eighth and Fourteenth Amendments have been
violated.  The only defendant named is John N. Robinson, M.D.  Plaintiff complains that Dr.
Robinson did not correctly perform a surgery to rectify his blocked artery in his right leg on May
29, 2003 and, as a result, he was required to undergo a second surgical procedure on April 6,
2004 to again address a blocked artery in his right leg.  Plaintiff seeks monetary relief for the
alleged "malpractice" committed by the defendant.  Complaint, § VI.

        Presently before the court is the defendant's Motion for Summary Judgment.  For the
reasons that follow, the district court should grant the motion.

        ***Standard of Review***

        Summary judgment is appropriate if, drawing all inferences in favor of the non-moving
party, "the pleadings, depositions, answers to interrogatories and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a *genuine issue for trial* ... or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Electric Industrial Corp. v. Zenith Radio Corp., 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Thus, it must be determined "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 251-52.

### *Discussion*

Defendant argues that Plaintiff is solely making a claim of medical malpractice and because he has not complied with Pennsylvania Rule of Civil Procedure 1042.3, the defendant is entitled to summary judgment. Rule 1042.3 requires a malpractice plaintiff to sign and submit, within 60 days of the filing of a professional malpractice action, a certificate of merit, indicating that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment,

2

practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm."[1]

In his motion for summary judgment, Dkt. [49], Defendant points out that during Plaintiff's deposition Plaintiff clarified that he was only making a medical malpractice claim and not a federal constitutional claim as appears on the face of the complaint. In addition, Defendant filed an expert report from a physician, Dkt. [48-3], indicating that Defendant met the community standard of care in performing the surgery on May 29, 2003. Defendant points out that Plaintiff has no expert report to support his medical malpractice claim, as is legally required and, therefore, summary judgment should be granted to Defendant as to the medical malpractice claim. In addition, Defendant argues that even assuming Plaintiff were making a federal civil rights claim under 42 U.S.C. §1983, Plaintiff has adduced no evidence that Defendant acted under color of law or that Plaintiff exhausted any administrative remedies available to him.[2]

---

[1] Previously, Defendant filed a motion to dismiss or in the alternative a Motion for Judgment of Non Pros pursuant to Pa.R.Civ.P. 1042.6, which provides for the entry of judgment of non pros upon a plaintiff's failure to file a certificate of merit as required by Rule 1042.3. Dkt. [13]. A prior report, Dkt. [33], recommended denial of the motion because it was simply unclear to this court that (1) Plaintiff was making only a medical malpractice claim and (2) the non-compliance with the Pa.R.Civ.P. 1042.3 required dismissal of the case under federal law. Over Defendant's objections, Dkt. [34], the District Court adopted the report and recommendation. Dkt. [35].

[2] The Court ordered Plaintiff to respond to Defendant's summary judgment motion by December 13, 2006. Dkt. [52]. Rather than filing a response, Plaintiff filed a Motion for the Court to appoint an expert to review Plaintiff's medical records. Dkt. [55]. The court recently denied this motion since there was no basis upon which the court could appoint an expert. The court also accorded Plaintiff until May 11, 2007, to respond to the Defendant's motion for summary judgment. To date Plaintiff has not filed any response. To the extent that he wishes to be heard on this matter, filing Objections to the instant report and recommendation would provide him adequate opportunity. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998)("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report. Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same); Witzke v. Carlson, 19 F.3d 1438 (Table), 1994 WL 83270, *1 ( in a civil rights action

Although Defendant points to Plaintiff's deposition testimony to indicate that Plaintiff does not seek to make any federal civil rights claim here, the operative complaint clearly references the Eighth and Fourteenth Amendments.[3]  A liberal reading of the complaint, as a pro se plaintiff is entitled to,  would lead one to conclude that he is making a federal civil rights claim.  This is true notwithstanding Defendant's characterization of Plaintiff's deposition testimony as abjuring any federal civil rights claim because even if we accepted as true that Plaintiff's deposition testimony abjured a civil rights claim, Plaintiff may not amend the operative complaint by statements made in a deposition. Grayson v. Mayview State Hospital, 293 F.3d 103, 109 n.9 (3d Cir. 2002)("For the sake of clarity,  a prisoner plaintiff (or any other plaintiff) should not be able effectively to amend a complaint through any document short of an amended pleading.").

That being said however, Defendant is indeed entitled to summary judgment in his favor on any possible civil rights cause of action because Plaintiff has utterly failed to adduce any evidence of an Eighth Amendment violation on the part of Defendant, as is his burden.  See

---

where the magistrate sua sponte recommended dismissal, the court held that "[t]he magistrate judge's report and recommendation clearly gave Witzke adequate pre-dismissal notice because he filed lengthy objections to the report.").

[3]  The court understands Plaintiff's invocation of the Fourteenth Amendment merely to be a shorthand way of saying that he is making a claim of a violation of the Eighth Amendment standards as these are incorporated against the state via the substantive due process provision of the Fourteenth Amendment.  This is because technically, the Eighth Amendment applies to the states through the Fourteenth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 101-02 (1976) (citing Robinson v. California, 370 U.S. 660 (1962)).  The standards of the Eighth Amendment barring the federal government from inflicting cruel and unusual punishments are the standards applicable to the States through incorporation by the Fourteenth Amendment's due process clause.  See Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981)(citing Robinson v. California).  The standards under the Eighth Amendment and the standards under the Fourteenth Amendment are fundamentally identical.  Furman v. Georgia, 408 U.S. 238, 422 n.4 (1972)(Blackmun, J., dissenting) ("the tests for applying these two provisions are fundamentally identical.").  In the discussion, the court simply refers to the Eighth Amendment for simplicity's sake.

Pasha v. Barry, No. CIV.A. 96-466, 1996 WL 365408, at *1 (D.D.C.  June 21, 1996)("With respect to prevailing on an Eighth Amendment claim against ... the warden at the CTF, the plaintiff bears the burden of demonstrating that his claims satisfy both the objective and subjective requirements.").[4]

At most, the factual allegations (as opposed to the legal allegations) before the court reveal merely a claim for medical malpractice.[5]   Such a claim, however, is insufficient to establish cruel and unusual punishment for purposes of the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 105 (1976)("[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.' ") Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir.1993) ("[T]he law is clear that simple medical malpractice is insufficient to present a constitutional violation.").

---

[4]   The objective component of an Eighth Amendment claim concerns whether the deprivation was sufficiently serious and the subjective component concerns whether the official acted with a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).

[5] Plaintiff also invoked the Fourth Amendment.  The Fourth Amendment provides in full that

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Under the facts alleged in the complaint and the evidence of record, Plaintiff has simply failed to show how the Fourth Amendment applies in this case or, even if applicable, was violated.

5

Considerations of judicial economy, convenience and fairness to the parties lead the court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and review Plaintiff's state law claim of medical malpractice.   Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995)(finding that where all federal claims are dismissed before trial the district court "must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").   As Defendant points out, under Pennsylvania substantive law, which governs this state law claim,[6] a plaintiff in a medical malpractice case must adduce an expert witness's testimony that the defendant failed to meet the applicable standards of care.  See, e.g., Grossman v. Barke, 868 A.2d 561, 567 (Pa.Super. 2005) ("[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury.")(quoting Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003).  Here, the record is devoid of such an expert report on behalf of Plaintiff.  Accordingly, Defendant has shown entitlement to summary judgment.

III.    CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the

---

[6] Doe v. Div. of Youth & Family Servs., 148 F.Supp.2d 462, 493 n. 6 (D.N.J.2001) ("[a] federal district court sitting in diversity or exercising supplemental jurisdiction over state law causes of action must apply the applicable substantive law of the State as interpreted by the State's highest court.")(citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

date of service of the objections to respond thereto.  Failure to timely file objections may

constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

Dated:  16 May, 2007

cc:     Hon. Terrence F. McVerry
        United States District Judge

        William Lenz
        BU-6993
        SCI Fayette
        Box 9999
        LaBelle, PA 15450-0999

        Edward D. Klym, Esq. by Notice of Electronic Filing